### AMERICAN SOCIETY OF DERMATOLOGY, et al., Plaintiffs,

v.

### UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, etc., et al ., Defendants.

### No. 96–1202–CIV–J–10.

United States District Court,
M.D. Florida,
Jacksonville Division.

Jan. 30, 1997.

and accompanying text.

Dana G. Bradford, II, Steven Eric Brust, Baumer, Bradford & Walters, Jacksonville, FL, Randall Hughes, Kathlynn L. Butler, Powell, Goldstein, Frazer & Murphy, LLP, Atlanta GA, Stuart S. Kurlander, Esther R. Scherb, Latham & Watkins, Washington, DC, Steve K. Stranne, Powell, Goldstein, Frazer & Murphy, Washington, DC, P. Robert Rigney, Jr., Special Counsel, American Academy of Dermatology, Washington, DC, for plaintiffs.

Ralph Lee, U.S. Atty's Office, Middle District of Florida, Jacksonville, FL, Howard H. Lewis, General Counsel's Office, Region IV, Atlanta, GA, for defendants.

### ORDER DENYING PRELIMINARY INJUNCTION AND DISMISSING CAUSE FOR LACK OF JURISDICTION

HODGES, District Judge.

This case is before the Court on the Plaintiffs' application for a Preliminary Injunction. A hearing was held in open court on December 11, 1996, after which the Court reserved ruling on the application in order to permit consideration of the argument and further review of the papers and briefs on file. Upon due consideration, the Court has determined that it lacks subject matter jurisdiction to entertain the Plaintiffs' claims. It follows that preliminary injunctive relief must be denied and the case dismissed for that reason.

The Plaintiffs' complaint seeks "preliminary and permanent injunctive relief against the implementation and enforcement of an unconstitutional, unlawful, arbitrary and capricious local medical review policy ... governing the removal of premalignant skin lesions by physicians in the State of Florida who provide treatment to Medicare beneficiaries."

Medicare claims are divided into two parts by the Medicare Act, 42 U.S.C. § 1395 et seq. Part A claims involve hospitalization expenses while Part B claims involve physicians services and related medical expenses. The administration of Part B claims is delegated by the Secretary of the Department of Health and Human Services to private insurance carriers, and regulations issued by the Secretary authorize these private carriers to issue local medical review policies defining those services that will be regarded as "medically necessary" and "reasonable" in amount. See 42 C.F.R. § 405.301 et seq.

The local medical review policy being challenged in this case was adopted by the Defendant Blue Cross & Blue Shield of Florida, effective November 18, 1996. Before the policy became effective, claims for the fees of physicians incident to the removal of actinic keratoses were paid on the certification of the treating physician or dermatologist that

such removal was considered to be medically necessary. The purpose and effect of the new policy, however, was to prescribe in detail the specific circumstances under which the removal of actinic keratoses would be considered "medically necessary" in the future, and thus reimbursable under Part B of the Medicare Act. By exclusion, however, the removal of any actinic keratoses from parts of the body or for reasons not covered by the new policy will no longer be paid, i.e., they will no longer be regarded or accepted by Blue Cross–Blue Shield as "medically necessary."

The Plaintiffs allege that this new policy violates the Medicare Carriers Manual and the Medicare Statute and that their Fourteenth amendment due process rights have been violated by the adoption of the policy. The Plaintiffs state that the Court has jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; the Administrative Procedure Act, 5 U.S.C. § 702 et seq.; the Medicare Act, 42 U.S.C. § 1395 et seq.; and federal question jurisdiction under 28 U.S.C. § 1331. The Secretary challenges the Court's jurisdiction under any of these provisions.

 To begin, the Declaratory Judgment Act and the Administrative Procedure Act do not provide an independent ground of jurisdiction. See *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977); and *Farkas v. Blue Cross & Blue Shield of Michigan,* 24 F.3d 853, 860 (6th Cir.1994). As for jurisdiction under the Medicare Act, 42 U.S.C. § 1395ff(b)(1) incorporates by reference 42 U.S.C. § 405(g), which precludes judicial review until "after [a] final decision of the Secretary made after a hearing to which [s]he was a party, . . ." Because there has been no presentment to and a final decision by the Secretary in this instance, the Court has no jurisdiction under the Medicare Act.

The question, then, is whether the Court has federal question jurisdiction under 28 U.S.C. § 1331. I have concluded, for the reasons stated in the thorough and well reasoned opinion of the Sixth Circuit in *Farkas v. Blue Cross & Blue Shield of Michigan, supra,* that the Court lacks federal question jurisdiction. No useful purpose would be served by attempting here, no doubt imperfectly, to add to the discussion of the issue in *Farkas.* See also, *Martin v. Shalala,* 63 F.3d 497 (7th Cir.1995), *Abbey v. Sullivan,* 978 F.2d 37, 42–43 (2d Cir.1992); and *National Kidney Patients Ass'n v. Sullivan,* 958 F.2d 1127, 1132 (D.C.Cir.1992), *cert. denied,* 506 U.S. 1049, 113 S.Ct. 966, 122 L.Ed.2d 122 (1993), reaching the same result. There is no contrary authority with respect to Medicare Part.B claims since the 1986 amendments to the Medicare Act, and I believe that the United States Court of Appeals for the Eleventh Circuit, which has not yet passed on the issue, would follow the Sixth Circuit in *Farkas.*

It follows that the Plaintiffs' application for a Preliminary Injunction is DENIED and this action is DISMISSED without prejudice for lack of subject matter jurisdiction. The Clerk is directed to enter judgment to that effect.

IT IS SO ORDERED.